IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  3:98CR49/RV
 3:02CV306/RV/MD

ERNEST SOLOMON HICKS

**REPORT AND RECOMMENDATION**

This matter is before the court upon an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 104).  The government has filed a response (doc. 108) and the defendant has filed a reply (doc. 112).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I.  BACKGROUND**

On May 10, 1998 an Escambia County Sheriff's Deputy Eddie Barnard observed the defendant sitting in a parked vehicle in an area of Pensacola known for drug activity.  He made contact with the defendant and asked if he could search the vehicle.  Sgt. Barnard found what appeared to be two cookies of crack cocaine in a popcorn box under the driver's seat and arrested the defendant as he attempted to flee.  The cookies were submitted to the FDLE lab and tested positive for crack cocaine.  The crack weighed 24.4 grams.  (Doc. 91 at 21; doc. 108 at 3).

Defendant was charged in a single count indictment with possession of cocaine base with intent to distribute. The indictment specifically referenced title 21 U.S.C. § 841(1)(B)(iii) which applies to offenses involving 5 grams or more of a mixture or substance containing cocaine base, although the charged drug weight was not specified in the indictment. The government filed a notice of enhancement (doc. 21) and defendant entered a conditional guilty plea on July 30, 1998, pending the result of a hearing on a motion to suppress. (Doc. 33, 91). The motion to suppress (doc. 15) was denied after a three-part hearing, held both before and after entry of the conditional plea. (Doc. 30, 37, 48, 49, 50). Defendant was sentenced to a term of 288 months imprisonment, 8 years supervised release a $1,000, and a $100 special monetary assessment. (Doc. 40, 41, 94). Defendant appealed, and his conviction and sentence were affirmed, per curiam, on April 30, 2001. (Doc. 100). The Supreme Court denied defendant's petition for a writ of certiorari on October 29, 2001.

In the present motion, which was timely filed, defendant contends that his guilty plea was not knowing and voluntary, and claims that both trial and appellate counsel were constitutionally ineffective.

## II. LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). As recently explained by the Eleventh Circuit, "[r]elief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional

error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

A. <u>Involuntary Plea</u>

Defendant first claims that his plea was not knowingly and voluntarily entered because he entered it "without advice as to the element of drug quantity and with incorrect advice as to his maximum sentence exposure."

In accepting a guilty plea, the district court must ascertain that (1) the guilty plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant knows and understands the consequences of his guilty plea. *United States v. Jones*, 143 F.3d 1417, 1418-19 (11th Cir. 1998) (quoting *United States v. Siegel*, 102 F.3d 477, 481 (11th Cir. 1996). In this case, the district court engaged in a thorough colloquy with the defendant, and no Rule 11 error is apparent from the record. (Doc. 91). A defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); cf. *Holmes v. United States*, 876 F.2d 1545, 1550 (11th Cir. 1989) (trial court satisfied itself during Rule 11 colloquy of voluntary and understanding nature of plea). Solemn declarations made under oath in open court carry a strong presumption of verity. *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629*.* They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise. *Id.; see also*

*United States v. Gonzalez-Mercado,* 808 F.2d 796, 800 n.8 (11th Cir. 1987); *Downs-Morgan v. United States*, 765 F.2d 1534, 1541 n. 14 (11th Cir. 1985); *Potts v. Zant,* 638 F.2d 727, 750-51 (5th Cir. 1981) (citing *United States v. Sanderson*, 595 F.2d 1021 (5th Cir. 1979)); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997); *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995); *United States v. Mims*, 928 F.2d 310, 313 (9th Cir. 1991); *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991). With respect to the claims the defendant now raises, the district court expressly verified at rearraignment that the defendant knew that he was facing a minimum mandatory of ten years imprisonment and a maximum of life, although the exact sentence could not be predicted or promised. (Doc. 91 at 23-25). The district court found that defendant was alert and intelligent, understood the nature of the charges and the possible penalties he faced, and that he had made his decision to plead guilty freely, knowingly and voluntarily. (Doc. 91 at 27-28). Thus his claim that he was ignorant of the maximum sentence exposure is without merit.

Defendant's claim that he entered his plea "without advice as to the element of drug quantity" is confusing. The facts surrounding the determination of drug quantity in this case are highly unusual. Most controlled substance cases presented to this court involve distribution conspiracies. In such cases, defendants may be convicted and sentenced, sometime to extraordinary sentences, based entirely on the testimony of co-conspirators and without the recovery of all or even any of the controlled substances ultimately attributed to them. Because of this, in conspiracy cases, drug quantity is typically in dispute. Here, defendant was charged only with possession with intent to distribute on a date certain. The basis for this charge was the crack cocaine seized at the time of defendant's arrest from the vehicle he had been driving. The drugs were recovered and weighed. Thus, the issue of drug quantity was based on direct, as opposed to circumstantial evidence, and it was not, and could not be, seriously disputed. Defendant did not voice any objection to the quantity set forth by the prosecutor at the rearraignment. Quite simply, in order for the defendant to be found guilty of the charged offense, the drugs found in the vehicle, no more and no less, had to be attributed to him. If the case had been tried to a jury, the same rationale would apply.

*Case No: 3:98cr48/RV; 3:02cv306/RV/MD*

2. <u>Ineffective assistance of counsel</u>

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000). "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "<u>no competent counsel would have taken the action that his counsel</u>

did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis in original).

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could

have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 122 S.Ct. 234 (2001).

Defendant maintains that trial counsel was ineffective because he failed to move the court to allow defendant to withdraw his guilty plea. This claim actually appears to be that the defendant should have been resentenced under *Apprendi*.[1] Defendant states that absent proof beyond a reasonable doubt of the drug quantity for which he was held accountable and a specific quantity being listed in the indictment, he should have been sentenced under 21 U.S.C. § 841(b)(1)(C). Defendant is correct that this section applies to offenses involving unspecified quantities of certain controlled substances, including crack cocaine. Defendant is also correct that the maximum penalty under this section generally is 20 years. However, under § 841(b)(1)(C) the maximum penalty for a person with a prior final felony drug conviction is raised to 30 years. Defendant has a prior felony drug conviction (see doc. 21, notice of enhancement ¶ 1, and PSR ¶ 24), and his 288 month sentence was within the 30 year maximum. Thus, defendant's sentence was within the statutory maximum, and there having been no showing of prejudice, counsel's performance was not deficient.

Defendant next claims trial counsel was ineffective because he failed to review defendant's criminal history and advise him he would be sentenced as a career offender. Defendant maintains that he would not have pleaded guilty had he known this. In light of the facts underlying the offense conduct, the court finds this highly unlikely, as the possibility of acquittal would have been extraordinarily slim. Furthermore, the enhanced penalties reflected in defendant's career offender status were made known to him at the rearraignment, although the words "career offender" were not used. And, counsel's affidavit indicates that he did counsel his client on the potential sentence he faced even before rearraignment. (Doc. 108, exh. A).

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) (holding that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.)

As the last part of his ineffective assistance of counsel claim, defendant claims that his appellate counsel was ineffective because she failed to move to withdraw his guilty plea after the Supreme Court's decision in *Apprendi*[2] was rendered during the pendency of his direct appeal.  He states that his guilty plea should have been withdrawn because he was incorrectly advised as to the sentencing exposure he faced.  Counsel states in her affidavit that she argued the invalidity of the defendant's plea to the appellate court and requested that the Eleventh Circuit vacate his conviction and sentence.  She also argued to the court that the principles of *Apprendi* should be applied to defendant's case, an argument that was expanded upon by a colleague from the Federal Public Defender's office who took over the case upon counsel's departure.  Despite counsels' efforts, defendant's conviction and sentence were per curiam affirmed.  For the reasons stated above, even if defendant had been allowed to withdraw his guilty plea or he had been resentenced, no benefit would have inured to him in light of his prior felony drug conviction.  Defendant has not shown that appellate counsel's performance was constitutionally deficient and he is not entitled to relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The amended motion to vacate, set aside, or correct sentence (doc. 104)  be DENIED.

At Pensacola, Florida, this 7th day of February, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) (holding that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.)

## **NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).