IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                           Case Nos.: 3:98cr49/RV
                                                          3:11cv240/RV/EMT

ERNEST SOLOMON HICKS

---

### REPORT AND RECOMMENDATION

      This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, including a memorandum in support (docs. 170, 171).  The Government has filed a motion to dismiss or in the alternative a motion for extension of time to file a response (doc. 179), and Defendant has responded (doc. 181).  After a thorough review of the record, it is the opinion of the undersigned that the motion to dismiss should be granted.

### BACKGROUND

      Defendant was charged with possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(1)(B)(iii) (doc. 1).  He entered a conditional guilty plea pending the result of a hearing on his motion to suppress (docs. 15, 33, 91).  His motion to suppress was denied (docs. 30, 37, 48, 49, 50).  After being designated a career offender under § 4B1.1 of the guidelines based on prior state convictions, he was sentenced to 288 months imprisonment (docs. 40, 41, and 94).  The Eleventh Circuit Court of Appeals affirmed his conviction and sentence per curiam (doc. 100; United States v. Hicks, 254 F.3d 73 (11th Cir. 2001)).  The Supreme Court denied Defendant's petition for a writ of certiorari on October 29, 2001.  Hicks v. United States, 534 U.S. 1012 (2001).

      Defendant timely filed his first § 2255 motion on July 26, 2002 (doc. 102).  In that motion, which was subsequently amended, Defendant argued that his guilty plea was not knowingly and

voluntarily made, and that both trial and appellate counsel were constitutionally ineffective (docs. 102, 104).  One of the claims he raised related to counsel's failure to advise Defendant he would be sentenced as a career offender, although Defendant did not challenge the propriety of the career offender adjustment.  The district court denied the motion over Defendant's objection without a hearing (docs. 117, 120, 121).  Defendant appealed, and his requests for a certificate of appealability were denied (docs. 123, 124, 129, 145).

On March 31, 2008, Defendant filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582 based on the retroactive guideline amendment number 711 (doc. 147).  The district court denied this motion based on its finding that the amendments in question did not affect Defendant's sentencing guidelines range (doc. 155), and its decision that was affirmed on appeal (docs. 156, 166; United States v. Hicks, 341 Fed. Appx. 542 (11th Cir. 2009)).

On October 15, 2010, Defendant filed a letter request for reduction of sentence based on his actions in saving the life of a suicidal cellmate (doc. 168).  The court denied his request due to a lack of jurisdiction to grant the requested relief (doc. 169).

Defendant filed the instant motion on May 9, 2011 (doc. 170).  Defendant makes numerous errors or false statements in his explanation of the procedural background of the case.  For instance, he asserts that he entered a plea of nolo contendere rather than a plea of guilty (id. at 2); that he had a judge trial (id.); that he did not appeal his conviction or sentence (id. at 3); that he did not file a petition for certiorari (id.); that he has not filed any other motions, petitions, or applications concerning the judgement of conviction in this case (id.); and that he did not appeal to a federal appellate court over the actions taken on any such motions, petitions or applications (id. at 4).  Defendant separates his claims into two grounds for relief.  First, he asserts that his sentence is unconstitutional because his prior state conviction for "simple possession" was not properly considered a predicate offense for career offender status under § 4B1.1 of the guidelines.  Second, he claims he is actually innocent of the sentencing factors due to the "new" ruling in Salinas v. United States, 547 U.S. 188 (2006).  The Government argues that his motion is subject to dismissal as both successive and time-barred.

# ANALYSIS

Second or Successive Motions

If a § 2255 motion is deemed "successive," this court may consider it only if it complies with

AEDPA's gatekeeping provision, which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of
> the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as
> a whole, would be sufficient to establish by clear and convincing evidence that no
> reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review
> by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). AEDPA's restrictions on second or successive motions are meant to forestall

abuse of the writ of habeas corpus. Stewart v. United States, 646 F.3d 856, 859 (11th Cir. 2011)

(citing Felker v. Turpin, 518 U.S. 651, 664 (1996)). This provision bars successive motions raising

habeas claims that could have been raised in earlier motions where there was no legitimate excuse

for failure to do so. Id.. (citing McCleskey v. Zant, 499 U.S. 467, 493–95 (1991)). Defendant in

this case does not appear to have moved for the certification as set forth above, and his case involves

neither newly discovered evidence nor a new rule of constitutional law. However, the court's

inquiry does not end here. Although the instant motion followed the filing of a § 2255 motion in

2002, it may not be successive, as the phrase "second or successive" does not literally refer to all

habeas applications or motions for post-conviction relief that are filed second or successively in

time. Id. (citing Panetti v. Quarterman, 551 U.S. 930, 943–44 (2007)).[1] A small subset of

unavailable claims that could not have been raised in a prior habeas petition are not held to the literal

meaning of the "term of art" "second or successive." Stewart, 646 F. 3d at 861; see also, e.g.,

Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003) (en banc) (finding that Singleton's petition

---

[1] Panetti addressed a petition for habeas relief under 28 U.S.C. § 2254. Because of the
similarities between the provisions governing second or successive petitions under § 2254 and
second or successive motions under § 2255, precedent interpreting one of these parallel restrictions
is instructive for interpreting its counterpart. See 28 U.S.C. §§ 2244(b)(2), 2255(h); see also
Gonzalez v. Sec'y Dept. of Corr., 366 F.3d 1253, 1288 n.5 & 6 (11th Cir. 2004) (en banc) (Tjoflat,
J., concurring in part, dissenting in part); In re Dean, 341 F.3d 1247, 1249 n.4 (11th Cir. 2003) (per
curiam) (denying application to file a successive § 2255 motion).

was not successful when it raised a claim that did not arise until he was subject to an involuntary medication order and his execution date had been scheduled); United States v. Orozco–Ramirez, 211 F.3d 862, 869, 871 (5th Cir. 2000) ("[Orozco–Ramirez's] claim of ineffective assistance of counsel during [his] out-of-time appeal . . . could not have been raised in [his] prior proceeding and, thus, is not 'second or successive.' "); Leal Garcia v. Quarterman, 573 F.3d 214, 222, 224 (5th Cir. 2009) (a "second" § 2254 petition that was based on a defect that did not arise until after the proceedings on the previous petition were completed was not successive).

The Government's contention that the two grounds raised in the instant motion were raised previously on direct appeal and in his previous motions is not supported by the record. Regardless, the court must next consider whether Defendant's claims could have been raised in his prior challenges to his conviction and sentence, or whether they fall within the small subset of unripe claims that could not have been raised previously.

As noted above, Defendant identifies two individual grounds for relief, but they are essentially inseparable. He contends, based on the Supreme Court's 2006 decision in Salinas, that his prior state court conviction for possession of a controlled substance should not have been used as a predicate offense for application of the career offender provision of the guidelines and thus either (1) his sentence is unconstitutional or (2) he is actually innocent of the sentence.

In Salinas, a single page, per curiam opinion, the Court reiterated that the definition of a "controlled substance offense" in § 4B1.2 of the guidelines does not include simple possession without some intent to manufacture, import, export, distribute or dispense. 547 U.S. at 188. Although Salinas had not been decided at the time Defendant filed his first § 2255 motion, the definition of the term "controlled substance offense" considered by the Salinas court was the same definition in effect when Defendant filed his motion, and is the same definition that remains in effect today in § 4B1.2(b) of the guidelines. Thus, the argument Defendant raises in the instant motion could have been raised previously, even without the benefit of Salinas. Thus, his motion is successive.

Even if the court were to find that Defendant's claims did not become ripe until Salinas was decided in April of 2006, after his first § 2255 motion had been denied, Defendant's most recent motion would be subject to dismissal because it is untimely. Title 28 U.S.C. § 2255(f) imposes a

one-year time limitation on the filing of motions under this section.  The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).  Defendant's motion was filed well over a year after the Salinas decision, and it is thus facially untimely.  Again, this does not end the inquiry, as Defendant raises the issue of "tolling" in his reply (doc. 181 at 4).  Although the limitations period set forth in § 2255(f) may be equitably tolled, tolling is appropriate only when a movant untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).  The doctrine of equitable tolling only applies in "truly extraordinary circumstances."  Johnson, 340 F.3d at 1226 (citing Jones v. United States, 304 F.3d 1035, 1039–40 (11th Cir. 2002); Drew, 297 F.3d at 1286)).  And, the onus is on the defendant to show that he is entitled to this extraordinary relief.  Johnson, 340 F.3d at 1226.  The court will not relieve a petitioner who has sat upon his rights.  United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402–03 (5th Cir. 1999)).  Here, nothing in Defendant's memorandum leads the court to conclude that equitable tolling is warranted.  Thus, Defendant's motion must be dismissed.

### Certificate of Appealability

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. The Government's motion to dismiss (doc. 179) be **GRANTED**.

2. The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 170) be **DISMISSED**.

3. No certificate of appealability should issue.

At Pensacola, Florida, this 22nd day of December 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

Case Nos.: 3:98cr49/RV; 3:11cv240/RV/EMT