IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.  Case Nos.:  3:98cr49/RV/EMT
                3:16cv423/RV/EMT

ERNEST SOLOMON HICKS

---

### REPORT AND RECOMMENDATION

This matter is before the court on Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence Pursuant to Amendment 794 of the Sentencing Guidelines (ECF No. 211).  Amendment 794, which concerns the minor role adjustment, does not provide an independent jurisdictional basis for relief.  Thus Defendant's request for relief is properly considered under the Rules Governing Section 2255 Proceedings.  Rule 4(b) of these rules provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

In July of 1998, Defendant Ernest Solomon Hicks entered a guilty plea to possession of base cocaine with intent to distribute in violation of 21 U.S.C. § 841(1)(B)(iii). He was sentenced to 288-months imprisonment (ECF Nos. 33, 41). His conviction was affirmed on appeal. *See* United States v. Hicks, 254 F.3d 73, *cert. denied*, 534 U.S. 1012 (2001) (ECF No. 100).[1]

In July of 2002, Defendant filed a first motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which was later amended (ECF Nos. 102, 104). In 2005, Defendant's amended motion was denied (ECF Nos. 117, 121, 122). Defendant appealed, and his requests for a certificate of appealability were denied (ECF Nos. 123, 124, 129, 145). In May of 2011, Defendant filed a second motion under § 2255, which the court dismissed finding that it was both successive and time-

---

[1] On April 8, 2009, the court denied a motion to reduce sentence pursuant to 18 U.S.C. § 3582 based on Amendments 706, 711 and 715 to the Sentencing Guidelines (ECF No. 155). This decision was affirmed on appeal. *See* United States v. Hicks, 341 F. App'x 542 (11th Cir. 2009). On October 19, 2010, the court denied Defendant's request for a reduction of sentence based on his actions in saving the life of a suicidal cellmate due to a lack of jurisdiction to grant the requested relief (ECF No. 169).

Case Nos.: 3:98cr49/RV/EMT; 3:16cv423/RV/EMT

barred and that equitable tolling was not warranted (ECF Nos. 170, 182, 183, 184). The court denied a certificate of appealability.

In the instant motion, Defendant seeks sentencing relief under Amendment 794 of the Sentencing Guidelines (ECF No. 211).  Before a second or successive application for § 2255 relief is filed in the district court, a defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); <u>Felker v. Turpin</u>, 518 U.S. 651 (1996).  Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion.  Therefore, the instant motion to vacate must be dismissed because the court lacks jurisdiction to consider Defendant's successive § 2255 motion without proper authorization.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

Case Nos.:  3:98cr49/RV/EMT; 3:16cv423/RV/EMT

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1.   Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (ECF No. 211) be **SUMMARILY DISMISSED**.

2. A certificate of appealability be **DENIED**.

**DONE AND ORDERED** this 13th day of September 2016.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 3:98cr49/RV/EMT; 3:16cv423/RV/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.